# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation (FHLMC)** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | |
| **Alan Nichols** | RE:<br>100 Milton Avenue, Sanford, ME 04073 |
| **Defendant** | Mortgage:<br>August 19, 2013<br>Book 16685, Page 252 |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Alan Nichols, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal Home Loan Mortgage Corporation (FHLMC), in which the Defendant, Alan Nichols, is the obligor and the total amount owed under the terms of the Note is One Hundred Eighty-Six

   Thousand Three Hundred Fifty-Two and 86/100 ($186,352.86) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal Home Loan Mortgage Corporation (FHLMC) is a corporation with its principal place of business located at 5000 Plano Parkway, Carollton, TX 75010.

5. The Defendant, Alan Nichols, is a resident of Sanford, County of York and State of Maine.

## FACTS

6. On December 30, 1999, by virtue of a Warranty Deed from Roslyn M. Nichols, which is recorded in the York County Registry of Deeds in **Book 9891, Page 131**, the property situated at 100 Milton Avenue, County of York, and State of Maine, was conveyed to Alan Nichols, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On August 19, 2013, Defendant, Alan Nichols, executed and delivered to Quicken Loans Inc. a certain Note under seal in the amount of $166,750.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on August 19, 2013, Defendant, Alan Nichols executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Quicken Loans Inc., securing the property located at 100 Milton Avenue, Sanford, ME 04073 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 16685**, **Page 252**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated April 22, 2016 and recorded in the York County Registry of Deeds in **Book 17220**, **Page 621**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was further assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper by virtue of a Quitclaim Assignment dated January 23, 2017 and recorded in the York County Registry of Deeds in **Book 17422**, **Page 124**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Select Portfolio Servicing, Inc. by virtue of an Assignment of Mortgage dated November 30, 2018 and recorded in the York County Registry of Deeds in **Book 17853**, **Page 391**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation (FHLMC) by virtue of an Assignment of Mortgage dated October 9, 2019 and recorded in the York County Registry of Deeds in **Book 18080**, **Page 24**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On January 23, 2020, the Defendant, Alan Nichols, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand

Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Alan Nichols, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

15. The Defendant, Alan Nichols, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

19. The total debt owed under the Note and Mortgage as of April 2, 2020 is One Hundred Eighty-Six Thousand Three Hundred Fifty-Two and 86/100 ($186,352.86) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $160,142.70 |
| Interest | $12,002.01 |
| Total Fees | $11.00 |
| Escrow Advance | $12,460.53 |
| Suspense Balance | $-189.18 |
| Recoverable Balance | $1,800.00 |
| Accum Late Charges | $125.80 |
| Grand Total | $186,352.86 |

20. Upon information and belief, the Defendant, Alan Nichols, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

21. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 100 Milton Avenue, Sanford, County of York, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), has the right to foreclosure and sale upon the subject property.

24. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Alan Nichols, is presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2018, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of April 2, 2020 is One Hundred Eighty-Six Thousand Three Hundred Fifty-Two and 86/100 ($186,352.86) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $160,142.70 |
| Interest | $12,002.01 |
| Total Fees | $11.00 |
| Escrow Advance | $12,460.53 |
| Suspense Balance | $-189.18 |
| Recoverable Balance | $1,800.00 |
| Accum Late Charges | $125.80 |
| Grand Total | $186,352.86 |

27. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendant, Alan Nichols's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

29. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Alan Nichols, on January 23, 2020, evidenced by the Certificate of Mailing. *See* Exhibit H.

30. The Defendant, Alan Nichols, is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

31. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On August 19, 2013, the Defendant, Alan Nichols, executed under seal and delivered to Quicken Loans Inc. a certain Note in the amount of $166,750.00. *See* Exhibit B.

33. The Defendant, Alan Nichols, is in default for failure to properly tender the March 1, 2018 payment and all subsequent payments. *See* Exhibit H.

34. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Alan Nichols.

35. The Defendant, Alan Nichols, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Alan Nichols's breach is knowing, willful, and continuing.

37. The Defendant Alan Nichols's breach has caused Plaintiff Federal Home Loan Mortgage Corporation (FHLMC) to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of April 2, 2020, if no payments are made, is One Hundred Eighty-Six Thousand Three Hundred Fifty-Two and 86/100 ($186,352.86) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $160,142.70 |
| Interest | $12,002.01 |
| Total Fees | $11.00 |
| Escrow Advance | $12,460.53 |
| Suspense Balance | $-189.18 |
| Recoverable Balance | $1,800.00 |
| Accum Late Charges | $125.80 |
| Grand Total | $186,352.86 |

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Alan Nichols, entered into a written contract with Quicken Loans Inc. who agreed to loan the amount of $166,750.00 to the Defendant.  *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Alan Nichols, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

43. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note and successor-in-interest to Quicken Loans Inc., and has performed its obligations under the Note and Mortgage.

44. The Defendant, Alan Nichols, breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2018 payment and all subsequent payments.  *See* Exhibit H.

45. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Alan Nichols.

46. The Defendant, Alan Nichols, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Alan Nichols, is indebted to Federal Home Loan Mortgage Corporation (FHLMC) in the sum of One Hundred Eighty-Six Thousand Three Hundred Fifty-Two and 86/100 ($186,352.86) Dollars, for money lent by the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to the Defendant.

48. Defendant Alan Nichols's breach is knowing, willful, and continuing.

49. Defendant Alan Nichols's breach has caused Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of April 2, 2020, if no payments are made, is One Hundred Eighty-Six Thousand Three Hundred Fifty-Two and 86/100 ($186,352.86) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $160,142.70 |
| Interest | $12,002.01 |
| Total Fees | $11.00 |
| Escrow Advance | $12,460.53 |
| Suspense Balance | $-189.18 |
| Recoverable Balance | $1,800.00 |
| Accum Late Charges | $125.80 |
| Grand Total | $186,352.86 |

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Quicken Loans Inc., predecessor-in-interest to Federal Home Loan Mortgage Corporation (FHLMC), loaned Defendant, Alan Nichols, $166,750.00. *See* Exhibit B.

54. The Defendant, Alan Nichols, is in default for failure to properly tender the March 1, 2018 payment and all subsequent payments. *See* Exhibit H.

55. As a result of the Defendant Alan Nichols's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC).

56. As such, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

57. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. Quicken Loans Inc., predecessor-in-interest to Federal Home Loan Mortgage Corporation (FHLMC), loaned the Defendant, Alan Nichols, $166,750.00.  *See* Exhibit B.

59. The Defendant, Alan Nichols, has failed to repay the loan obligation.

60. As a result, the Defendant, Alan Nichols, has been unjustly enriched to the detriment of the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC) as successor-in-interest to Quicken Loans Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), prays this Honorable Court:

   a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

   b) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), upon the expiration of the period of redemption;

c) Find that the Defendant, Alan Nichols, is in breach of the Note by failing to make payment due as of March 1, 2018, and all subsequent payments;

d) Find that the Defendant, Alan Nichols, is in breach of the Mortgage by failing to make payment due as of March 1, 2018, and all subsequent payments;

e) Find that the Defendant, Alan Nichols, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Alan Nichols, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Alan Nichols has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to restitution;

j) Find that the Defendant, Alan Nichols, is liable to the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), for money had and received;

k) Find that the Defendant, Alan Nichols, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Alan Nichols, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Alan Nichols, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to restitution for this benefit from the Defendant, Alan Nichols;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Alan Nichols, and in favor of the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), in the amount of One Hundred Eighty-Six Thousand Three Hundred Fifty-Two and 86/100 ($186,352.86 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal Home Loan Mortgage Corporation (FHLMC),
By its attorneys,

Dated: March 10, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com