UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST,<br><br>           Plaintiff<br><br>v.<br><br>ALAN NICHOLS,<br><br>           Defendant | Case No. 2:20-cv-00091-LEW |

**JUDGMENT OF FORECLOSURE AND SALE**
**TITLE OF REAL ESTATE IS INVOLVED**

**100 Milton Avenue, Sanford, State of Maine**
**York Registry of Deeds in Book 15685, Page 252**

After final hearing on January 23, 2023, the Court finds as follows:

1. That the parties have received notice of the proceedings in this action, proof of service on Defendant having been returned and this Court having previously entered default against Defendant (ECF No. 20), and that notice of the instant hearing was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

2. That venue is properly laid in this Court.

3. That Plaintiff is entitled to judgment as a matter of law.

4. That Defendant is in breach of the terms of a certain promissory note held by the Plaintiff dated August 19, 2013, (the "Note"), with such breach constituting a default by the Defendant, and upon such default, proper notice of default was sent to the Defendant.

5. That the default of the Note caused a breach of the Mortgage.

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the York Registry of Deeds in Book 15685, Page 252-273 ("Mortgage"). The Mortgage encumbers real estate located at 100 Milton Avenue, Sanford, York County, State of Maine ("Property"). The legal description of the Property contained in the Mortgage is incorporated herein by reference and attached hereto as Exhibit A.

7. That as of 1/23/2023, the following amounts are owed to Plaintiff, its successors and/or assigns, under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $160,142.70 |
| b. Accrued Interest | $27,019.22 |
| (plus interest at a per diem of $14.36) | |
| c. Pre-acceleration Late Charges | $125.80 |
| d. Escrow Advances | $30,004.25 |
| e. Pro Rata MIP/PMI | $0.00 |
| f. Credit | ($29.00) |
| g. Property Inspections | $135.00 |
| h. Attorney's Fees | $4,540.00 |
| i. Attorney's Costs | $0.00 |

**Total:** **$221,937.97**

Plaintiff, its successors and/or assigns, is entitled to add any additional attorney's fees and costs incurred in connection with the foreclosure, including any post-judgment attorney's fees and costs, as well as any additional amounts advanced or expended by Plaintiff, its successors and/or assigns, pursuant to the Note and Mortgage.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, are as follows:

   a. Plaintiff, its successors and/or assigns, in the amount of $221,937.97, plus accrued interest at the rate of 3.5% per annum, $14.36 per day to the date of entry of judgment, plus interest after judgment at a rate of 10.73% per annum

(through the date of foreclosure sale) pursuant to 14 M.R.S. § 1602-C. Further, Plaintiff, its successors and/or assigns, is entitled to the additional amounts incurred by Plaintiff, its successors and/or assigns, as described in Paragraph 7 above, including but not limited to attorney's fees and costs, insurance premiums, and real estate taxes;

    b. Defendant: any excess proceeds from sale

9. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

> U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee for VRMTG Asset Trust
> c/o Andrew J. Schaefer, Esq.
> Bendett & McHugh, P.C.
> 30 Danforth Street, Suite 104
> Portland, ME 04101
>
> Alan Nichols
> 100 Milton Ave
> Sanford, ME 04073

10. That the Plaintiff's claim for attorney fees is not integral to the relief sought, within the meaning of M.R. Civ. P. 54(b)(2); and

11. That Defendant has not requested mediation, and that Defendant was served before Local Rule 4(b) came into effect, and therefore 14 M.R.S. § 6321-A and M.R. Civ. P. 93 do not apply and mediation is considered waived;

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security incurred by Plaintiff, its successors and/or assigns, after the date of Plaintiff's Affidavit, for the following reasons:

    a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S. §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

    b. The Plaintiff, its successors and/or assigns, and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

    c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security may be resolved by the Defendant(s) filing a motion contesting Plaintiff's, its successor's, and/or assign's Report of Public Sale as provided in 14 M.R.S. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That Counts I through V are GRANTED, and if Defendant, his heirs and assigns, does not pay the Plaintiff, its successors and/or assigns, the amounts adjudged to be due to Plaintiff, its successors and/or assigns, as set forth in Paragraph 8(a) above within ninety (90) days from the date of entry of this Order, Plaintiff, its successors and/or assigns, (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S. §§ 6321-6324, free and clear of all liens, except liens senior to the Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F. R. Civ. P. 54(b), except as to any additional post-

    judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security;

C. That if Defendant fails to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff, its successors and/or assigns, may in its sole discretion allow, or if Defendant abandons the Property, Plaintiff, its successors and/or assigns, shall then be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's, its successor's, and/or assign's Mortgage, and Clerk shall issue a Writ of Possession at the request of Plaintiff, its successors, and/or assigns;

D. That Plaintiff, its successors and/or assigns, is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

E. That an execution shall issue against Defendant for any deficiency, provided the requirements are met, but that no deficiency shall issue against any Defendant who has received a discharge in bankruptcy for this debt, nor shall a deficiency issue against anyone who did not actually execute a promissory note or other document creating an obligation to pay;

F. That Plaintiff, its successors and/or assigns, shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Local Rule 54.2; Defendant may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S. § 6324;

G. That once the applicable appeal period has expired as determined under F. R. Civ. P. 58 and F. R. App. P. 3, Plaintiff, its successors and/or assigns, shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff, its successors and/or assigns, shall then record the said certification and a copy of this Judgment in the York County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S. § 2401(3), such fees and costs so incurred by Plaintiff, its successors and/or assigns, to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated February 2, 2023 for the Plaintiff, its successors and/or assigns, as a final judgment except for additional attorney's fees and disbursements and any additional amounts advanced by Plaintiff, its successors and/or assigns, related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with F. R. Civ. P. 79(a) at the specific direction of the Court."

Dated this 2nd day of February, 2023.

                                                /s/ Lance E. Walker
                                                UNITED STATES DISTRICT JUDGE